UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WALLACE JAMES BEAULIEU,<br>LIONEL TOHANNIE YAZZIE,<br>LARRY DELANEY, SR.,<br>EMERY EUGENE BUSH,<br>JOHN LOUIS BEAULIEU, III, and<br>MICHAEL J. GIMMESTAD,<br><br>           Plaintiffs,<br><br>vs.<br><br>CAL R. LUDEMAN, JOAN FABIAN,<br>TERRY CARLSON, JACK ERSKINE,<br>DEAN MOONEY, PAULA JOHNSON,<br>DENISE CONSIDINE, ERIC<br>HATTENBERG, DENNIS BENSON,<br>GREG CARLSON, BRIAN NINNEMAN,<br>and ANN LINKERT,<br>*In their official and personal capacities*,<br><br>           Defendants. | **Civil No. 07-1535 (JMR/JSM)**<br><br><br><br><br><br><br><br>**AMENDED COMPLAINT**<br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiffs Wallace James Beaulieu, Lionel Tohannie Yazzie, Larry Delaney Sr., Emery Eugene Bush, John Louis Beaulieu III, and Michael J. Gimmestad, for their Amended Complaint against Defendants Cal R. Ludeman, Jack Erskine, Dean Mooney, Paula Johnson, Denise Considine, Eric Hattenberg, Dennis Benson, Greg Carlson, Brian Ninneman, Ann Linkert, Joan Fabian, and Terry Carlson, in their official and personal capacities, state and allege as follows:

## INTRODUCTION

1. This case is brought under 42 U.S.C. § 1983 and challenges the conditions of confinement faced by Plaintiffs, who are civilly committed under the Minnesota Sex Offender Program. The policies controlling the conditions are nearly identical to those for criminals serving their sentences, but Plaintiffs have already served the sentences imposed upon them. Plaintiffs have been subjected to invasive searches, unreasonable seizures of their property, crowded living conditions, and unnecessary physical restraint. Moreover, Defendants have retaliated against Mr. Beaulieu and Mr. Yazzie because they exercised their right to file lawsuits that seek to enforce their constitutional rights.

2. Because the actions of Defendants violate federal law, Plaintiffs file this Amended Complaint seeking damages, as well as declaratory and injunctive relief.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action presents a case or controversy under the United States Constitution and 42 U.S.C. § 1983.

4. Declaratory and injunctive relief is authorized by Rule 57 and Rule 65 of the Federal Rules of Civil Procedure, as well as under 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(e)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6.      Plaintiffs Wallace James Beaulieu, Lionel Tohannie Yazzie, Larry Delaney Sr., Emery Eugene Bush, John Louis Beaulieu III, and Michael J. Gimmestad are civilly committed under the Minnesota Sex Offender Program.  They have been housed in facilities operated by the Department of Human Services in Moose Lake, Minnesota.

7.      Defendant Cal. R. Ludeman is the Commissioner of the Department of Human Services, the agency responsible for administering the Minnesota Sex Offender Program.

8.      Joan Fabian is the Commissioner of the Minnesota Department of Corrections, the agency that owns the Annex.  The Annex is one of the facilities that housed Plaintiffs, and it is part of the Minnesota Correctional Facility in Moose Lake, Minnesota.

9.      Terry Carlson was Warden of the Minnesota Correctional Facility in Moose Lake, Minnesota during the time that Plaintiffs were housed at the Annex.

10.     Jack Erskine was the Program Director of the Minnesota Sex Offender Program at Moose Lake, Minnesota at the time that Plaintiffs were housed at the Annex.  He no longer works for the Department of Human Services.

11.     Dean Mooney was the Site Director of the Minnesota Sex Offender Program for Moose Lake, Minnesota at the time the Plaintiffs were housed at the Annex.  He no longer works for the Department of Human Services.

12.     Paula Johnson is the Security Director of the Minnesota Sex Offender Program at Moose Lake, Minnesota.

13. Denise Considine was the North Unit Director for the Annex during the time that Plaintiffs were housed at the Annex.

14. Eric Hattenberg was the South Unit Director for the Annex during the time that Plaintiffs were housed at the Annex.

15. Dennis Benson is the Executive Director of the Minnesota Sex Offender Program.

16. Greg Carlson is the Director of the Minnesota Sex Offender Program in Moose Lake.

17. Brian Ninneman is the Director of the Behavioral Therapy Unit.

18. Ann Linkert is the Director of Complex 1.

## STATEMENT OF THE CLAIMS

**Unaltered Allegations From The Original Complaint That Were Not Dismissed**

**Retaliation Claims – Complaint (IV)(1)**

19. Cal R. Ludeman, Dean Mooney, Nancy Johnston, Tim Brown, Gary Grimm, and Jack Erskine, acting in their official and personal capacities as Administrators and Staff of the Minnesota Sex Offender Program, have engaged in retaliatory acts against Wallace James Beaulieu and Lionel Tohannie Yazzie for filing a Complaint under **42 U.S.C. 1983** in U.S. District Court file No. **06-cv-4807 (JMR/JSM)**. These retaliatory acts include, but are not limited to:

   A. Transfer to the M.S.O.P.-Prison Annex, which is located on the property of the Minnesota Correctional Facility at Moose Lake, and we are required to adhere to the rules of not only the Minnesota Sex Offender Program, but also to the rules and policies of the Minnesota Department of Corrections.

    B.    Subjecting them to reductions in their access levels, including but not limited to: access to religious services, access to attorneys, the Courts, and access to visitation by family.

    C.    Mr. Yazzie being unreasonably restrained during transport to the M.S.O.P-Prison Annex, which resulted in physical injury to Mr. Yazzie.

    D.    Unreasonable searches of Mr. Beaulieu's property, including but not limited to: room searches which led to the seizure and copying of his legal papers, and opening of incoming legal mail outside Plaintiffs presence.

This is a violation of their 14th Amendment right to file grievances, and of the 1st Amendment of the United States Constitution, and constitutes punishment.

**Claims Involving Strip Searches And Handcuffs And Shackles – Complaint (IV)(2)**

20.    The M.S.O.P., guided by Cal R. Ludeman, Commissioner of the Department of Human Services, and Joan Fabian, Commissioner of the Minnesota Department of Corrections, and Terry Carlson, Warden of the Minnesota Correctional Facility at Moose Lake are forcing civilly committed patients confined at the Prison Annex to submit to invasive, full-body strip searches *before and after* any transport from the Prison Annex, after contact visits, and to be shackled and handcuffed during any transport from the prison Annex, and any refusal to submit automatically results in punishment of the detainee, including indeterminate "Protective Isolation", privilege level decrease, and access level Restrictions.

    This violates Plaintiffs 4th Amendment right to be free from unreasonable searches and seizures.

**Seizure Of 20-Inch Televisions – Complaint (IV)(3)**

21.     Denise Considine, North Unit Director, and Eric Hattenberg, South Unit Director, at the direction of Paula Johnson, Program Manager, Dean Mooney, Site Director, Jack Erskine, Program Director, and Cal R. Ludeman, Commissioner of D.H.S., Joan Fabian, Commissioner of Corrections, and Terry Carlson, Warden of MCF-Moose Lake are subjecting civilly committed detainees confined at the Prison Annex to *arbitrary seizure* of 20 inch televisions that detainees paid for with their own money, and requiring them to send them out of this facility, at their own expense, in order to comply with the Department of Corrections Policy that only 13 inch clear televisions are allowed on the Department of Corrections property.

> This violates Plaintiffs 4th Amendment right to be free from unreasonable seizure.

**Opening Of Legal Mail Outside Of Plaintiffs' Presence – Complaint (IV)(4)**

22.     Denise Considine, North Unit Director, and Eric Hattenberg, South Unit Director, at the direction of Paula Johnson, Program Manager, Dean Mooney, Site Director, Jack Erskine, Program Director, Terry Carlson, Warden of MCF-Moose Lake, Joan Fabian, Commissioner of Corrections, and Cal R. Ludeman, Commissioner of D.H.S., and **Acting under Color of State Law** are directing their staff to open, and inspect incoming legal mail that is clearly marked as being legal, outside the presence of civilly committed detainees.

**Telephone Access – Complaint (IV)(7)**

23. A policy created at the direction of Cal R. Ludeman, acting under color of state law, to install a phone system which is so similar as to be almost **indistinguishable** from the Department of Corrections phone systems which allow only outgoing, monitored phone calls are unreasonable, and constitute a violation of Plaintiffs 1st Amendment right to telephone access.

**Privacy Claims – Complaint (IV)(8)**

24. Policies created by Denise Considine and Eric Hattenberg, at the direction of Paula Johnson, Dean Mooney, Jack Erskine, and Cal R. Ludeman, **acting under color of state law**, do not allow for privacy when using the toilet, showering, or sleeping, patients confined at the M.S.O.P.-Prison Annex are forced to use communal bathrooms and showers without any reasonable expectation of privacy, even from staff, and the Plaintiffs are double-bunked in cells that are too small for two people.  This policy violates Plaintiffs' 14th Amendment right to privacy.

**Procedural Due Process Access To Facility Claim – Complaint (IV)(9)**

25. Confinement at the M.S.O.P.-Prison Annex under the direct control of Denise Considine and Eric Hattenberg and under the Supervisory Authority of Paula Johnson, Dean Mooney, Jack Erskine, and Cal R. Ludeman, acting under the color of state law, deprives plaintiffs access to freely move around this facility without escorts, as the M.S.O.P. is not allowed to interact or have any contact with Department of Corrections inmates or guards, and as a direct result, detainees are routinely denied access to privileges afforded all other civilly committed detainees such as: daily access to

the gym, access to the library services, access to communicate socially with other civilly committed detainees within the M.S.O.P., and free access to other outside activities, and this status is similar to what the Department of Corrections would consider to be "Administrative Segregation."  Committed patients have a right to Procedural Due Process before being denied access to services afforded to all other civilly committed detainees.  Plaintiffs have a state created liberty interest in their access levels, and denial of this right violates the Due Process Clause of the 14th Amendment.

**Sanitation Claims – Complaint (IV)(10)**

26.   Defendants, **acting under color of state law**, have failed to provide civilly committed detainees at the M.S.O.P.-Prison Annex constitutionally adequate conditions of confinement, and are exposing civilly committed detainees to potentially serious health risks.  The communal bathrooms and showers are not being adequately cleaned and sanitized consistently.  The bathrooms and showers are only being cleaned once per day, with up to 46+ detainees using each bathroom and shower room.  The bathroom floors frequently have urine or fecal matter on either the floors or the toilet seats, with no proper sanitizer readily available to disinfect them.  The dining room tables which all detainees are forced to eat their meals on are not adequately sanitized **prior to** service of each meal.

The mops and brooms which are used to clean the bathrooms and showers are not separated from the ones used to clean the cells which we are forced to live in, which results in the transfer of germs form the bathroom and shower floors to our sleeping areas.  Towels, sheets, blankets, and cleaning rags are being washed in one unit washer,

in water that does not reach an adequate temperature to properly sanitize them before being distributed back to the population.  The detainees have repeatedly brought these issues to the staff of the M.S.O.P., and these issues have been repeatedly ignored.  This constitutes "Deliberate Indifference".  Plaintiffs, who have been "**civilly** committed", under the 14th Amendment, have **a clearly established right** not to be exposed to such unsanitary conditions.

**Allegations Added In The Amended Complaint**

27. Defendants have stopped using the Annex to house patients from the Minnesota Sex Offender Program.  Defendants transferred Mr. Wallace Beaulieu to the "Behavioral Therapy Unit" in Moose Lake, Minnesota.  Defendants transferred Mr. Yazzie, Mr. Delaney Sr., Mr. Bush, and Mr. Gimmestad to "Complex 1," which is also located in Moose Lake.  Defendants transferred Mr. John Beaulieu III to the facility in St. Peter, Minnesota.  The focus of the Amended Complaint is on the facilities in Moose Lake and does not purport to address the conditions of confinement that Mr. Beaulieu III experiences at the facility in St. Peter, Minnesota.

**Retaliation Claim**

28. Defendants retaliated against Wallace Beaulieu for his lead role in the *pro se* filing of the initial complaint in this action.  Only days after Defendants learned that Mr. Beaulieu filed the complaint, Defendants transferred him to the Behavioral Therapy Unit at the Moose Lake facility.  The Behavioral Therapy Unit is analogous to a segregation unit in a prison facility, and patients housed in the Behavioral Therapy Unit are subjected to more restrictive policies than those in Complex 1.  By being housed in

the Behavioral Therapy Unit instead of Complex 1, Mr. Beaulieu has decreased access to the legal library, the legal computer, the gym, and the outdoors.  He has fewer job opportunities, and those jobs available to him at the Behavioral Therapy Unit have fewer hours available.  Mr. Beaulieu is prohibited from having any contact visits.  In addition, Mr. Beaulieu is separated from the other plaintiffs in this action, as well as other patients who were benefiting from Mr. Beaulieu's assistance in their legal matters.  Defendants' conduct violates Mr. Beaulieu's rights under the First and Fourteenth Amendments.

**Strip Search Claim**

29.     In the Behavioral Therapy Unit and Complex 1, Defendants require Plaintiffs to submit to invasive, full-body strip searches.  Patients are subjected to these searches after transport from the facility, even when patients are accompanied by staff who can assure that patients do not have access to contraband.  If patients refuse to voluntarily subject to the strip searches, they are placed in protective isolation as punishment and their clothes are forcibly removed.  These actions violate Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures.

**Handcuffs And Shackles**

30.     Plaintiffs are placed in full restraints, including shackles, waist chains, black boxes, and handcuffs during transport from the facilities in Moose Lake.  The use of excessive force in applying these restraints during his transport to the Annex caused physical injury to Mr. Yazzie.  These actions violate Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures.

**Opening of Incoming Legal Mail Outside of Plaintiffs' Presence**

31. Defendants have directed their staff to open and inspect legal mail directed to Plaintiffs that is clearly marked as being legal mail, outside of the presence of Plaintiffs. This violates Plaintiffs' Sixth Amendment right to counsel and Fourteenth Amendment right to court access.

**Telephone Access**

32. The phone system established by Defendants allows only outgoing calls, which are monitored. Plaintiffs cannot receive incoming calls even from their attorneys, and this policy cannot be justified by security concerns. Days can pass before Plaintiffs are allowed to make return calls, which are generally restricted to just 30 minutes. Plaintiffs have continued to be subjected to this phone system upon their transfer to Complex 1 and the Behavioral Therapy Unit. Defendants' actions in establishing and implementing this unreasonable phone system violates Plaintiffs' First Amendment right to telephone access.

**Privacy Claims**

33. Defendants have created and implemented policies at the Behavioral Therapy Unit and Complex 1 that do not allow privacy. In Complex 1, Plaintiffs are double-bunked in cells that are too small to house two people for extended periods of time. In addition, Plaintiffs are forced to use communal showers and toilets with small doors that provide little privacy from staff or other patients. In both the Behavioral Therapy Unit and Complex 1, Plaintiffs are subjected to hourly "wellness checks," whereby staff enter the patients' rooms without sufficient notice to allow patients time to

clothe themselves.  These actions by Defendants violate Plaintiffs' due process right to bodily privacy under the Fourteenth Amendment.

**Procedural Due Process Access to Facility Claim**

34.   Defendants are denying Mr. Beaulieu daily access to the gym, library services, legal computer, and outside activities, as well as depriving him of his ability to communicate with other patients.  Because he is housed in the Behavioral Therapy Unit, his status is similar to "Administrative Segregation" in the prison setting.  Mr. Beaulieu has a right to procedural due process before he is denied access to these services, which are afforded to other civilly committed detainees, because he has a state-created liberty interest in a certain level of access to facilities.  In denying him this right, Defendants have violated the Due Process Clause of the Fourteenth Amendment.

## RELIEF

**WHEREFORE**, by virtue of the foregoing acts, Plaintiffs demand judgment in their favor and against Defendants and respectfully request:

1.   That the Court declare that Defendants have violated and continue to violate the First Amendment, Fourth Amendment, Sixth Amendment, and Fourteenth Amendment rights of Plaintiffs, as set forth herein;

2.   That the Court issue a permanent injunction enjoining Defendants from subjecting Plaintiffs to these unconstitutional conditions and from retaliating against Mr. Beaulieu and Mr. Yazzie;

      3.      That the Court award such damages to Plaintiffs and against Defendants in their personal capacities, as proven at trial;

      4.      That the Court award Plaintiffs their attorneys' fees and expert costs pursuant to 42 U.S.C. § 1988(b); and

      5.      Such other further relief as may be just, including interest and costs.

Dated: August 31, 2009

s/ Collette L. Adkins Giese
Collette L. Adkins Giese, Minn. Bar # 35059X
cadkinsgiese@faegre.com
Brian B. O'Neill, Minn. Bar # 82521
boneill@faegre.com
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: (612) 766-7000
Fax: (612) 766-1600

Teresa J. Nelson
tnelson@aclu-mn.org
ACLU OF MINNESOTA
450 N Syndicate Street, Suite 230
St. Paul, MN 55104
Phone: (651) 645-4097 ext 122
Fax: (651) 647-5948

*Attorneys for Plaintiffs Wallace James Beaulieu, Lionel Tohannie Yazzie, Larry Delaney Sr., Emery Eugene Bush, John Louis Beaulieu III, and Michael J. Gimmestad*

fb.us.4304240.03