UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


WALLACE JAMES BEAULIEU, et al.,                  CIVIL NO. 07-1535 (JMR/JSM)

     Plaintiffs,

v.                                              REPORT AND RECOMMENDATION

CAL R. LUDEMAN, et al.,

     Defendants.


The above matter came before the undersigned United States Magistrate Judge upon defendants Fabian and Carlson's Motion for Summary Judgment [Docket No. 136].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

## I.     FACTUAL BACKGROUND

This case arises out of plaintiffs' action under 42 U.S.C. § 1983, which was initiated on March 17, 2007.  Plaintiffs have been committed to the Minnesota Sex Offender Program ("MSOP"), and the conduct at issue in the present suit pertains to the MSOP located in Moose Lake, Minnesota.

The MSOP is operated by the Minnesota Department of Human Services ("DHS").  Between 2006 and 2009, the Minnesota Department of Corrections ("DOC") allowed the DHS to use space at the Moose Lake Correctional Facility ("Moose Lake prison") to house MSOP patients.  Affidavit of Terry Carlson ("Carlson Aff."), ¶ 4; see

<u>also</u> Defendants Fabian and Carlson's Answer to the Amended Complaint [Docket No. 154], ¶ 9. When this suit was commenced in 2007, MSOP patients, including plaintiffs, were housed at the Moose Lake prison in two different buildings ("Annex"). <u>See</u> generally Amended Complaint [Docket No. 146], ¶¶ 8-11, 13, 14, 19-21, 24-27; Carlson Aff., ¶ 4. DOC owns the Annex. <u>See</u> Amended Complaint, ¶ 8; Defendants Fabian and Carlson's Answer to the Amended Complaint, ¶ 9. In July 2009, patients housed at the Annex, including plaintiffs, were transferred to the main site for the MSOP ("MSOP main site") which a short distance from the Moose Lake prison. <u>See</u> Carlson Aff., ¶ 4. In this regard, plaintiff Wallace Beaulieu was transferred to the Behavioral Therapy Unit at the MSOP main site, and plaintiffs Lionel Yazzie, Larry Delaney, Emery Bush and Michael Gimmestad were transferred to Complex 1, also located at the MSOP main site. Amended Complaint, ¶ 27.[1]

On July 16, 2009, the Court granted plaintiffs' Motion for Appointment of Counsel and appointed Brian B. O'Neill, Esq., Collette L. Adkins Giese, Esq. and Teresa Nelson, Esq. to represent plaintiffs. <u>See</u> July 16, 2009 Order [Docket No. 122]. In light of this appointment, the Court asked the parties to confer and advise the Court whether the deadlines under the operative pretrial scheduling order were appropriate or whether the pretrial schedule needed to be modified. <u>Id.</u> On August 7, 2009, plaintiffs and the DHS Defendants submitted a stipulation proposing changes to the operative scheduling order. <u>See</u> Docket No. 128. These parties stated that the purpose of the stipulation was to allow plaintiffs an opportunity to supplement the discovery previously attempted

---

[1]      Plaintiff John Beaulieu III was transferred to a facility in St. Peter, Minnesota. However, this suit does not address the conditions of confinement that Beaulieu III may experience at the facility in St. Peter, Minnesota. <u>See</u> Amended Complaint, ¶ 27.

by them, and to possibly amend the Complaint in light of their recent transfer out of the Annex. Id.[2]

Over the objections of the DOC defendants Joan Fabian and Terry Carlson ("DOC Defendants") [Docket No. 129], the Court amended the Pretrial Scheduling Order. The Third Amended Pretrial Scheduling Order set the deadline of September 1, 2009 for amending the pleadings, the deadline of November 1, 2009 for the completion of all discovery, and extended the deadline for nondispositive motions to December 1, 2009, and the dispositive motion deadline to January 15, 2010. See August 12, 2009 Third Amended Pretrial Scheduling Order [Docket No. 132].

On August 31, 2009, plaintiffs filed a Motion for Leave to File Amended Complaint. See Docket No. 133. On the same day, the DOC Defendants filed the present Motion for Summary Judgment and its supporting materials. The thrust of the Motion for Summary Judgment was that: (1) all of the claims against the DHS defendants previously dismissed by the Court should be dismissed against the DOC Defendants; (2) the DOC Defendants could not be held liable for decisions and a program administered wholly by the DHS, despite the fact that some MSOP patients resided at the Annex, as the authority to establish and implement rules and procedures regarding MSOP patients rested solely with the DHS; (3) the DOC Defendants were not liable in their individual capacities because they did not have any personal involvement in the alleged violation of plaintiffs' rights; and (4) the DOC Defendants were entitled to

---

[2]    Shortly before the submission of this Stipulation to the Court, the DHS Defendants withdrew their previously filed motion for summary judgment. See Docket No. 124. Presumably, this withdrawal was based on the previous request of the Court that the DHS Defendants withdraw their summary judgment motion in light of the Court's decision to grant their motion to compel discovery and to take under advisement plaintiffs' request for appointment of counsel. See Docket No. 120.

qualified immunity. See Memorandum of Law in Support of Fabian and Carlson' Motion for Summary Judgment [Docket No. 137].

On September 14, 2009, the DOC Defendants responded to plaintiffs' motion to amend their Complaint, stating:

> The proposed changes to the complaint remove claims previously dismissed by the district court and add claims concerning the plaintiffs' conditions of confinement since leaving the annex of the Minnesota Correctional Facility in Moose Lake. Because the claims and defendants the plaintiffs seek to add to their complaint do not relate to the DOC defendants, they do not oppose the motion.

Defendants Fabian and Carlson's Memorandum in Response to Plaintiffs' Motion to Amend the Complaint, pp. 1-2 [Docket No. 142]. The DOC Defendants also proposed that if this Court were to permit plaintiffs to amend their complaint, it would be appropriate that their previously filed summary judgment motion should apply to the amended complaint. Id., p. 2.

Subsequently, the Court granted the Motion for Leave to File Amended Complaint, and also provided that the DOC Defendants' Motion for Summary Judgment would apply to the Amended Complaint. See September 24, 2009 Order [Docket No. 145].

The claims under the Amended Complaint [Docket No. 146] pertaining to defendants Fabian and Carlson are as follows:

- Under Fabian and Carlson's guidance (among others), plaintiffs were subjected to improper full-body strip searches before and after any transport from the Annex, after contact visits, and shackled and handcuffed during any transport from the Annex in violation of their Fourth Amendment right to be free from unreasonable searches and seizures. See Amended Complaint, ¶ 20.

- At the direction of Fabian and Carlson (among others) the arbitrary seizure of 20-inch televisions that detainees paid for with their own money, and the requirement that the detainees send these televisions out of the Annex at their own expense, amounted to an improper seizure under the Fourth Amendment. Id., ¶ 21.

- At the direction of defendants, staff were illegally opening and inspecting incoming legal mail clearly marked as being legal, outside the presence of civilly committed detainees, in violation plaintiffs' Sixth Amendment right to counsel and Fourteenth Amendment right to court access. Id., ¶¶ 22, 31.

- Defendants have failed to provide civilly committed detainees at the Annex with constitutionally adequate conditions of confinement, and are exposing civilly committed detainees to potentially serious health risks, in violation of the Fourteenth Amendment. Id., ¶ 26.

- Defendants retaliated against plaintiff Wallace Beaulieu ("Beaulieu") for his lead role in the pro se filing of the initial complaint in this action by transferring him to the Behavioral Therapy Unit, in violation of the First and Fourteenth Amendments. Id., ¶ 28.

- Defendants required plaintiffs to submit to invasive, full body searches in the Behavioral Therapy Unit and Complex 1 after transport from the facility, and if they refused to voluntarily subject to the strip searches, they were placed in protective isolation as punishment and their clothes are forcibly removed. Id., ¶ 29.

- In violation of the Fourth Amendment and their right to be free from unreasonable searches and seizures, plaintiffs were placed in full restraints, including shackles, waist chains, black boxes, and handcuffs during transport from the facilities in Moose Lake. Id., ¶ 30.

- The phone system established by defendants violated plaintiffs' First Amendment rights by only allowing outgoing calls, which are monitored; by not allowing plaintiffs to receive incoming calls from their attorneys; and by generally restricting plaintiffs to 30 minute calls. Id., ¶ 32.

- Defendants have created and implemented policies at the Behavioral Therapy Unit and Complex 1 that do not allow privacy, including subjecting plaintiffs to being double-bunked in cells that are too small to house two people for extended periods of time; being forced to use communal showers and toilets with small doors that provide little privacy from staff or other patients; and being subjected to hourly "wellness checks" without any prior notice. Id., ¶ 33.

- Defendants are denying Beaulieu, without process, daily access to the gym, library services, legal computer, outside activities, and his ability to communicate with other patients, which are afforded to other civilly committed detainees not housed in the Behavioral Therapy Unit, in violation of the Due Process Clause of the Fourteenth Amendment. Id., ¶ 34.[3]

Notwithstanding the new allegations of the Amended Complaint, the DOC Defendants proceeded with their summary judgment motion. On September 18, 2009, this Court signed an order extending the deadline for plaintiffs' response to the DOC Defendants' summary judgment motion to October 5, 2009.[4] [Docket No. 144]. On October 2, 2009, plaintiffs submitted their opposition to the DOC Defendants' Motion for Summary Judgment.

On October 6, 2009, the parties submitted a Joint Motion to Extend the Pretrial Scheduling Order. See Docket No. 151. The parties represented that the following discovery had yet to be completed:

(a) Plaintiffs' depositions of DHS defendants;

(b) Plaintiffs' deposition of Terry Carlson;

(c) DHS Defendants' and DOC Defendants' responses to plaintiffs' second and third requests for production of documents; and

(d) Plaintiffs' responses to DHS Defendants' second requests for production of documents and interrogatories.

---

[3] As noted above, the DOC Defendants took the position that the claims added in the Amended Complaint did not apply to them. However, as the allegations set out in paragraphs 28-34 of the Amended Complaint are directed to "defendants" generally, it may be that they do apply to the DOC Defendants.

[4] Plaintiffs' summary judgment response was originally due on September 21, 2009. See Docket No. 143.

<u>See</u> L.R. 16.3(b) Statement Supporting the Parties' Joint Motion For Extension of the Third Amended Pretrial Schedule Order [Docket No. 152]. In addition, the parties represented that the following discovery had been completed:

> (a) Defendants Fabian and Carlson responses to plaintiffs' first request for production of documents and interrogatories; and
>
> (b) DHS Defendants' responses to Wallace Beaulieu's first requests for production of documents and interrogatories.

<u>Id.</u>

The parties asked that the time for the completion of discovery between plaintiffs and the DHS Defendants be extended to December 1, 2009, and that the November 1, 2009 deadline for discovery on the DOC Defendants remain in place at November 1, 2009. <u>Id.</u> The parties also asked that the non-dispositive motion deadline be extended to January 15, 2010, and that the dispositive motion deadline be extended to March 1, 2010. <u>Id.</u> On October 14, 2009, the Court issued the Fourth Amended Pretrial Scheduling Order which adopted the parties' proposed changes to the schedule. <u>See</u> Docket No. 156.[5]

## II. DISCUSSION

In opposition to the DOC's Motion for Summary Judgment, plaintiffs asked that the motion be denied or postponed pursuant to Federal Rule of Civil Procedure 56(f). Plaintiffs argued that as they only have had the benefit of legal counsel for two months and the discovery period had not yet closed, they could not present facts essential to

---

[5] This Court notes that the DHS Defendants Brian Ninneman, Dennis Benson, Ann Linkert, and Greg Carlson have recently executed their Waiver of Service Forms, and their Answers to the Amended Complaint are due on November 30, 2009. <u>See</u> Docket Nos. 160-163.

justify their opposition.[6]  See Memorandum in Opposition to the Motion for Summary

Judgment [Docket No. 147].

In support of their opposition, plaintiffs represented that on September 4, 2009,

their counsel had received approximately 1,200 documents that Beaulieu had previously

produced to the DHS Defendants and that the DHS Defendants had previously

produced to Beaulieu, and that as of October 2, 2009, she had not had time to

completely review that production.  See Affidavit of Collette L. Adkins Giese [Docket No.

142] ("Giese Aff."), ¶ 2.  In addition, plaintiffs stated they had done the following: (1)

noticed on September 15, 2009, the depositions for defendants Eric Hattenberg, Paula

Johnson, and Denise Considine to be held on October 19, 2009 (id., ¶ 3); (2) noticed on

September 28, 2009, the depositions of Greg Carlson, Ann Linkert, Brian Ninneman,

and Dennis Benson, which were scheduled to be taken on October 14-15, 2009 (id., ¶

5); (4) notified counsel for the DHS defendants that they intend to depose Jack Erskine,

who is no longer employed by the DHS (id., ¶ 6); noticed on September 30, 2009, the

deposition of Dean Mooney for October 22, 2009 (id., ¶ 7); and expressed their intent to

depose defendant Terry Carlson and were working with counsel for the DOC

Defendants to determine her availability (id.).  With regards to written discovery, on

September 21, 2009, plaintiffs served their Second Set of Requests for Production of

Documents on both groups of defendants and on September 30, 2009, plaintiffs served

their Third Set of Requests on all defendants.  Id., ¶¶ 4, 7.  As of October 2, 2009, the

date of the filing of their opposition to the DOC Defendants' Motion for Summary

Judgment, plaintiffs had not received responses to their Second or Third Set of

---

[6]     The plaintiffs' response provided no substantive arguments regarding the merits
of their case in opposition to the Motion for Summary Judgment.

Requests for Production of Documents and none of the noticed depositions had been completed.  Id., ¶ 8.

With regards to the outstanding discovery plaintiffs sought to obtain, plaintiffs asserted it was designed to obtain facts relevant to whether the DOC Defendants required the DHS to adopt and apply DOC policies and procedures at the Annex.  See Giese Aff., ¶ 9.  In particular, plaintiffs stated they needed to depose defendant Erskine regarding statements made at the Resident Advisory Council meetings, as to whether anyone at the DOC directed the MSOP to adopt DOC policies at the Annex, and if so, what DOC personnel were involved and which policies were adopted and implemented at the DOC's direction.  Id., ¶ 10.  As to defendant Linkert, plaintiffs represented that they need to depose her to ask her questions about statements made at the Annex Unit Rep meeting she attended regarding whether the mail of patients housed at the Annex was subject to DOC policy and procedures, and if so, who directed their implementation.  Id., ¶ 11.  Plaintiffs asserted that they needed to depose defendant Considine regarding statements she made to plaintiff Beaulieu that that it was the policy of the DOC to open patient "Legal Mail" at the Annex anytime they wanted.  Id., ¶ 12; see also Affidavit of Wallace Beaulieu [Docket No. 149] ("Beaulieu Aff."), ¶ 3.  Plaintiffs also stated that they needed to cross-examine defendant Carlson on the facts asserted in her affidavit filed in connection with her current Motion for Summary Judgment.  Id., ¶ 13.

In addition, plaintiffs expressed the need to depose attendees at the meetings between the DHS and the DOC on the use of the Annex and the direction provided by the DOC on policies implemented by the DHS.  Id., ¶ 14.  Finally, plaintiffs stated that

they were still in the process of obtaining discovery on the reasonableness of the policies and procedures at issue in the claims against the DOC Defendants, including: the opening of legal mail, seizure of 20-inch televisions, and the use of strip searches and full restraints during transport.  Id., ¶ 15.

On October 30, 2009, the DOC Defendants filed their Reply and countered that no extension under Rule 56(f) was required as: (1) plaintiffs offered no explanation for their failure to conduct discovery before they were represented by counsel; (2) delays in discovery in this case were attributable to discovery disputes between the plaintiffs and other defendants; (3) while plaintiffs' counsel was appointed on July 16, 2009, they had the benefit of the DOC Defendants' position based on its February 2009 motion for summary judgment, which was later withdrawn; (4) plaintiffs' counsel did not serve any new discovery until September 21, 2009, and did not indicate that they wanted to depose Carlson until September 30, 2009, immediately before the deadline for their response to the motion for summary judgment; (5) plaintiffs had seven weeks to have their four attorneys review the 1,200 documents they received from Beaulieu; (6) plaintiffs' need for further discovery was focused primarily on other defendants; and (7) the information regarding policies which plaintiffs claimed were exclusively in the control of defendants, were public and could be found on the internet.  See Reply Memorandum of Law Supporting Defendants Fabian and Carlson's Motion for Summary Judgment [Docket No. 157] at pp. 3-5.  In addition, the DOC Defendants re-emphasized that they have submitted evidence that the DOC did not determine the MSOP policies, including that the DHS defendants have denied that the DOC determined MSOP polices that governed the Annex.  Id. at p. 5.

Rule 56(f) of the Federal Rules of Civil Procedure allows a court to deny a motion for summary judgment or order a continuance of the motion to permit "affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, or issue any other just order." Fed. R. Civ. P. 56(f). Rule 56(f) is designed to protect a party opposing a motion for summary judgment that "has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986); see also United States ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002) ("The purpose of [Rule 56(f)] is to provide an additional safeguard against an improvident or premature grant of summary judgment ... and [the rule] should be applied with a spirit of liberality.") (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2740 (1998)); Iverson v. Johnson Gas Appliance Co. 172 F.3d 524, 530 (8th Cir. 1999) ("Nonmovants may request a continuance under Rule 56(f) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment."). "If the failure to allow discovery deprives the nonmovant of a fair chance to respond to the motion, . . . summary judgment is not proper. . . ." Iverson, 172 F.3d at 530.

In order to obtain relief under Rule 56(f), "a party must file an affidavit describing (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Johnson v. United States, 534 F.3d 958, 965 (8th Cir. 2008); see also Fed. R. Civ. P. 56(f)

(requiring "a party opposing the motion [to show] by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition").

Applying these principles to the circumstances at hand, the Court concludes that the DOC Defendants' Motion for Summary Judgment should be denied. The Court's main responsibility is to ensure that the interests of justice prevail, and to that end, must make certain that a party has an adequate opportunity to have its case heard on the merits. It is for this reason, the Court required the parties to confer and advise the Court whether the schedule governing this case needed to be amended in light of the appointment of counsel for plaintiffs. Based on the submissions of parties, the Court concluded extensions to various deadlines were appropriate and on August 12, 2009, issued an order providing plaintiffs until September 1, 2009 to amend their Complaint, and extending the deadline for discovery until November 1, 2009. On October 14, 2009, the Court further extended the discovery deadline as to the DHS defendants to December 1, 2009. Nevertheless, knowing that counsel for plaintiffs had just entered the case, that amendment of the Complaint was a possibility, and that plaintiffs sought time to do additional discovery, on August 31, 2009 the DOC defendants moved for summary judgment, forcing plaintiffs to file a response almost a month before they were required to complete fact discovery.

This tactic is exactly the type of situation that Rule 56(f) was designed to remedy. Under the DOC Defendants' logic any party could move for summary judgment well before fact discovery closed in order to preclude the opposing party from responding to the motion with evidence that could demonstrate that there is genuine issue as to material facts. This Court is cognizant of the DOC Defendants' position that the

evidence will show that they played no role with the Annex and that the authority to set and implement rules and procedures regarding MSOP patients rested with the DHS.[7] However, plaintiffs have represented that they need to depose Carlson from the DOC and that they were also in the process of deposing DHS employees regarding whether anyone at the DOC directed the MSOP to adopt or implement DOC policies. Given that discovery had not expired when plaintiffs were required to submit a response, and that the outstanding discovery may lead to evidence rebutting the DOC's assertion that it had no authority over and played no role in the policies implemented at for the MSOP at Moose Lake, this Court finds that relief under Rule 56(f) is appropriate.

For all of these reasons, the Court recommends dismissal without prejudice of the Motion for Summary Judgment.[8] All parties, including the DOC defendants may file their dispositive motions any time after the non-dispositive motion deadline of January 15, 2010 has expired or after the Court has ruled on any motions to compel, which ever date is later.

## III.   RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

_____

[7]    As noted above, the DOC Defendants' motion for summary judgment did not address any of the new allegations of the Amended Complaint, which, as this Court observed, appear to apply to all defendants, including the DOC Defendants.

[8]    This Court recognizes that under the Fourth Amended Pretrial Scheduling Order, discovery is now completed, and that under Rule 56(f), the Court has the option of continuing the motion in lieu of dismissal without prejudice. However, as the Amended Complaint does appear to make new allegations against the DOC Defendants, the Court believes that the resources of the parties and the Court are better served by giving the DOC Defendants the opportunity to bring their dispositive motion as to the Amended Complaint as a whole, rather than addressing it in a piece-meal fashion.

1.     Defendants Joan Fabain and Terry Carlson's Motion for Summary Judgment [Docket No. 136] be **DENIED** without prejudice.

2.     The parties shall serve and file their dispositive motions any time after January 15, 2010, or after the Court has ruled on any motions to compel served, filed and heard prior to this deadline, which ever date is later.


Dated:  December 8, 2009

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 21, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.